J-S46038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CRAIG SAUNDERS, :
:
Appellant. : No. 2469 EDA 2017

Appeal from the PCRA Order, June 30, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0512141-2002.

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 17, 2018**

Craig Saunders appeals from the order denying his third petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and lengthy procedural history are as follows: Saunders was first brought to trial in February 2003. After the jury was unable to reach a verdict, a mistrial was called, and a second trial was held in January 2004. At the conclusion of this trial, the jury found Saunders guilty of burglary, conspiracy, rape as an accomplice, five counts each of robbery and kidnapping, and multiple firearms violations. Thereafter, the trial court imposed an aggregate sentence of 48 ½ to 97 years of imprisonment. Saunders filed a timely appeal to this Court, and we affirmed his judgment of sentence on December 1, 2006. *See Commonwealth v. Saunders*, 918

A.2d 791 (Pa. Super. 2006) (unpublished memorandum). We denied Saunders' petition for re-argument on January 25, 2007. Saunders did not seek further review.

On February 26, 2007, Saunders filed a *pro se* PCRA petition. Although the PCRA court appointed counsel, Saunders expressed his dissatisfaction with his representation and applied to the court for leave to proceed *pro se*. Following a **Grazier**[1] hearing, the PCRA court granted the request. Saunders filed an amended petition on November 26, 2008, and a supplemental petition on October 19, 2009. The Commonwealth filed a motion to dismiss. Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Saunders filed a response. By order entered April 23, 2010, the PCRA Court dismissed Saunders' petition.

Saunders filed an appeal to this Court, in which he raised nine issues. In one issue, Saunders argued that "the court reporter knowingly and substantially altered the testimony of defense witness Cynthia Hedgeman." **Commonwealth v. Saunders**, 32 A.3d 826 (Pa. Super. 2011), unpublished memorandum at 9. In rejecting this claim, we explained that Saunders offered no evidence of any "corrupt intention," and that it was actually Saunders' reliance upon "a Gordian knot of inferences drawn from circumstances that, without additional evidence, show only the court reporter's failure to comply with the Rules of Court. Although regrettable, that omission does not establish

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

the intent Saunders claims." *Saunders*, unpublished memorandum at 11-12 (citation omitted). In addition, we noted that Saunders did not explain "how the absence of certain portions of the transcript on appeal 'undermined the truth-determining process' before a jury when its members viewed Cynthia Hedgeman in the courtroom and heard live testimony." *Id.* at 13. Finding no merit to any of Saunders' other claims, we affirmed the PCRA Court's order denying post-conviction relief. *Id.* at 43. On August 15, 2012, our Supreme Court denied Saunders' petition for allowance of appeal.

On September 20, 2012, Saunders filed a second *pro se* PCRA petition, in which he raised three claims of ineffective assistance of counsel. On November 20, 2012, Saunders filed a supplemental petition in which he claimed that his due process rights were violated by the admission of the identification evidence presented by the Commonwealth. On August 28, 2013, the PCRA court filed a Pa.R.Crim.P. 907 notice to dismiss the petition without a hearing. Appellant filed a response. By order entered January 7, 2014, the PCRA court formally dismissed Saunders' second PCRA petition as untimely.

Saunders appealed to this Court. Although Saunders conceded that his second petition was filed untimely, he asserted that he met an exception to the PCRA's time bar because, pursuant to the decision in *Commonwealth v. Walker*, 92 A.3d 766 (Pa. 2014), expert testimony may be admitted to aid the trier of fact in understanding the characteristics of eyewitness identification. Saunders then argued that, in light of *Walker*, he could now demonstrate that either the identification evidence at his second trial was

inadmissible or, if admitted, he could have presented expert witness testimony to help the jury understand the fallibility of identification testimony. This court agreed that Saunders' second petition was untimely, but disagreed that the *Walker* decision provided an exception to the PCRA's time bar. Concluding that Saunders failed to establish any time-bar exception, we agreed with the PCRA court that it lacked jurisdiction to address Saunders' ineffective assistance of counsel claims. We therefore affirmed the order denying Saunders post-conviction relief. *See Commonwealth v. Saunders*, 131 A.3d 83 (Pa. Super. 2015).

On April 12, 2016, Saunders filed a petition for writ of habeas corpus. Within this petition, Saunders reiterated his due process claims from his first trial, as well as the claim that the court reporter improperly altered the transcripts of his second trial. Treating this filing as a third *pro se* PCRA petition, the PCRA court, on March 6, 2017, issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing because it was untimely, and because Saunders failed to plead and/or prove an exception to the PCRA's time bar. Saunders filed several responses. In his initial response, Saunders asserted that he had discovered new facts regarding his trial transcripts, and, since the claim was previously litigated under the PCRA, he could now seek a remedy outside the statute, *i.e.*, via habeas review. In a supplemental response, Saunders asked to amend his petition to include a claim regarding expert testimony on the reliability of eyewitness identification. In his final supplemental response, Saunders attached a report from an expert he had

- 4 -

contacted regarding the reliability of the eyewitness identifications made at his trial. He claimed this constituted newly-discovered evidence and thus satisfied Subsection 9545(b)(1)(ii).

By order entered June 30, 2017, the PCRA court formally dismissed Saunders' third petition as untimely. This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Saunders raises the following issues:

1. Whether [Saunders] had a right to file a petition for a writ of habeas corpus, independent of the PCRA framework?

2. Whether [Saunders] should have been granted leave to file an amended petition, once the [PCRA] court decided it was subject to the strictures of the PCRA?

3. Whether [Saunders] sufficiently pled an exception to the time-bar to excuse the filing of a PCRA petition after the date his judgment [of sentence] became final?

Saunders' Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a

trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

In his first issue, Saunders asserts that because his present claim regarding the trial transcripts was previously litigated under the PCRA, he may seek relief outside the PCRA's framework. We disagree. The PCRA court properly treated Saunders' habeas petition as a serial PCRA. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (explaining that a habeas corpus petition must be treated as a PCRA petition when the issues raised therein are cognizable under the PCRA). Other than his own reading of the PCRA, Saunders offers no precedent for his proposition. As his claim regarding the transcripts presents an issue of due process, it remains cognizable only under the PCRA.

Before addressing the remaining two issues raised by Saunders, we must first determine whether the PCRA court correctly concluded that Saunders' PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, because Saunders did not seek further review after we affirmed his judgment of sentence on December 1, 2006, and denied his petition for

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

re-argument on January 25, 2007, his judgment of sentence became final thirty days thereafter, or on February 26, 2007.[3]  Thus, for purposes of the PCRA's time bar, Saunders had to file his first PCRA petition by February 26, 2008. Saunders filed his third petition on April 12, 2016.  Thus, the petition is untimely, unless Saunders satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  *See Hernandez*, *supra*.

Saunders has failed to establish any exception to the PCRA's time bar. He  argues that he has satisfied an exception to the PCRA's time bar of "newly-discovered" evidence "based on an Expert Report of Dr. Margaret Reardon, an expert on the psychology of eyewitness identifications."  Saunders' Brief at 11.  According to Saunders, the PCRA court erred in concluding that this report did not constitute newly-discovered facts.  We disagree.[4]

The PCRA court found no merit to this claim.  It explained:

> The facts that Dr. Reardon relied on to formulate the expert report were compiled from trial transcripts.  There were no new or unknown facts on which her report was

_____

[3] Because the thirtieth day fell on a Saturday, the deadline was extended to the following Monday.  *See* 1 Pa.C.S.A. § 1908.

[4] Within his argument, Saunders also asserts that he qualifies under this time bar exception because he had recently discovered new facts about the omissions and variance in the versions of his trial transcripts.  As noted above, a due process claim regarding his trial transcripts was previously litigated in his first PCRA.  Although Saunders claims that a private investigator he hired has recently uncovered "new facts" after speaking with court reporter personnel, this time bar exception does not apply to new sources of previously known facts. *See Commonwealth v. Abu-Jamal,* 941 A.2d 1263, 1269 (Pa. 2008) (citation omitted).

predicated on. "The fact appellant discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (citation omitted). Therefore, the report did not qualify as an unknown fact for [purposes of] Section 9545(b)(1)(ii).

PCRA Court Opinion, 9/14/17, at 5 (citations to notes of testimony omitted). In addition, the PCRA court noted that in denying his second post-conviction petition, we held that Saunders "was not entitled to relief where [Saunders] claimed that he should be permitted to present expert witness testimony to aid the trier of fact in understanding the fallibility of eyewitness identification." *Id.* (citing *Commonwealth v. Saunders*, 131 A.3d 83 (Pa. Super. 2015) (unpublished memorandum).

Our review of the record supports the PCRA court's conclusions. Three years ago we rejected Saunders' attempt to establish the "newly-discovered evidence" exception to the PCRA's time bar based on *Walker*. At that time, we explained that the *Walker* decision is not "evidence." *See Saunders*, unpublished memorandum at 11.

The expert report Saunders now proffers as newly-discovered evidence was clearly not admissible at the time of his trial. *See e.g. Commonwealth v. Bormack*, 827 A.2d 503, 509 (Pa. Super. 2003) (concluding that trial counsel was not ineffective for failing to present expert testimony; expert testimony regarding the reliability of eyewitness identifications is inadmissible *per se* in Pennsylvania because it intrudes on the jury's exclusive role as the arbiter of credibility). Although Saunders does not argue the "new

constitutional right" exception to the PCRA's time bar, our Supreme Court in **Walker** did not specifically identify a new constitutional right that applied retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Because we have already held that the **Walker** decision itself did not establish a "newly discovered fact," Saunders attempt to introduce an expert report based upon **Walker**, years after his judgment of sentence became final, likewise fails.

In sum, Saunders' third PCRA is untimely, and he has not established any statutory exception. Thus, the PCRA court correctly concluded it lacked jurisdiction to consider Saunders' underlying claims, and we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18

- 10 -